UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLBY JOHNSON                                                CIVIL ACTION

VERSUS                                                       No. 16-2493

OMEGA PROTEIN, INC.                                          SECTION I

ORDER AND REASONS

Before the Court is defendant's motion[1] in limine to exclude the expert opinions of Bobby S. Roberts ("Roberts"), plaintiff's proposed vocational expert, and Robert. E. Borison ("Borison"), plaintiff's proposed safety expert.  Defendant asserts that the proposed experts should be barred from testifying at trial because neither of them has offered any opinions whatsoever in their expert reports.  Instead, the expert reports outline the steps each expert says are necessary in order to form an opinion about this case, and then state that none of those steps have yet taken place. Defendant argues that it is plaintiff's fault if plaintiff's experts lacked sufficient information to form expert opinions as of the July 15, 2016 expert report deadline, and that to allow the proposed experts to supplement their reports at a later date would unfairly prejudice defendant.

Plaintiff does not dispute that there are no actual opinions in the expert reports.  He instead argues that his experts should be permitted to amend their reports to add opinions at a later date because they did not have sufficient

---

[1] R. Doc. No. 25.

information to render opinions as of the expert report deadline.  Plaintiff then attempts, at least in part, to shift the blame for this lack of information to defendant.[2]

### ANALYSIS

The day after defendant filed its motion to exclude the experts, plaintiff moved to continue the case, arguing that plaintiff had yet to reach maximum medical improvement.  The Court granted the motion to continue on August 30, 2016, moving the trial date in this matter from November 2016 to April 2017.[3]  The briefs on the instant motion were filed prior to the Court's granting the continuance.  In light of that continuance, new expert report deadlines are appropriate and defendant's motion should be denied.  The Court observes, however, that the excuses in plaintiff's opposition to the motion in limine are not well received.

If there was necessary information that was not available because of plaintiff's physical condition or otherwise, plaintiff's counsel should have filed a motion to continue the expert report deadline *before* the deadline had passed.  There is little doubt that plaintiff's current expert reports are inadequate.  For plaintiff's counsel to gamble the admissibility of expert testimony on the Court's willingness to grant an untimely motion to continue is most often a losing hand.  Nonetheless,

---

[2] *See* R. Doc. No. 27.

[3] The precise trial date will be set at a scheduling conference with the Court's case manager on September 13, 2016.  R. Doc. No. 39.

**IT IS ORDERED** that defendant's motion in limine is **DENIED**.

**IT IS FURTHER ORDERED** that new expert report deadlines will be set at the scheduling conference before the Court's case manager.  The deadlines are to be scheduled so as to fall within the customary amount of time before trial.

New Orleans, Louisiana, September 9, 2016.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**